IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LAUGHLIN,

      Plaintiff,                        No. CIV S-06-1932 KJM

    vs.

TODD WALKER, et al.,

      Defendants.                ORDER

_____/

        Defendant Todd Walker's motion to dismiss came on regularly for hearing January 23, 2008.  Douglas B. Jacobs appeared for plaintiff.  Joanna R. Mendoza appeared for defendant.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel and having carefully considered the same, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        This action was removed from state court on the basis of exclusive federal jurisdiction under 17 U.S.C. § 101 et seq.  Defendant now moves to dismiss, contending in part that this court lacks subject matter jurisdiction.  Specifically, defendant asserts that because plaintiff does not have proof of copyright registration, plaintiff's claim for copyright infringement is defective under 17 U.S.C. § 411.

/////

1

1        Removal jurisdiction statutes are strictly construed against removal.  See Libhart
2 v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be
3 rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980
4 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party
5 invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
6 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)).
7 When it appears, at any time, that the district court lacks subject matter jurisdiction, the case
8 shall be remanded.  28 U.S.C. § 1447(c).

9        Defendant is correct that there is no basis for federal subject matter jurisdiction in
10 this case.  Although ostensibly removed under the exclusive federal jurisdiction provided for
11 with respect to copyright claims, no copyright registration was attached to the complaint, and
12 plaintiff does not contend such a registration exists.  On its face, the complaint states only trade
13 secret claims.  Compl. at 2:15-16, 4:3-4.  Plaintiff has confirmed that he is only making a claim
14 under state law for misappropriation of trade secrets.  See Pl.'s Opp'n at 5:4-5, 7:1-2.  As such,
15 this court lacks subject matter jurisdiction.  See Loree Rodkin Management Corp. v. Ross-
16 Simons, Inc, 315 F.Supp.2d 1053, 1056 (C.D. Cal. 2004).  This case therefore was improvidently
17 removed to federal court.

18        At the hearing on this matter, defendant contended summary judgment is
19 appropriate because any state law claims are preempted under the Copyright Act, citing Melchior
20 v. New Line Productions, Inc., 106 Cal. App. 4th 779 (2003).  That case is inapposite.  The
21 Melchior court found that state law claims for conversion and unjust enrichment are preempted.
22 Id. at 793.  As discussed above, plaintiff here alleges causes of action only for misappropriation
23 of trade secrets under statutory and common law.  Moreover, the record on the pending motions
24 supports plaintiff's position that he has colorable claims of ownership of trade secrets that are not
25 swept into the category of copyright protectable material, whether or not he ultimately prevails
26 on the merits on his claims.  See Compl., Ex. A (Agreement signed by plaintiff and defendant,

¶ 6 (defining proprietary material to include "underlying ideas in the teaching materials")); see also Reply Decl. of Joanna Mendoza, Ex. D at 3 (excerpt of plaintiff's deposition in which he testifies that students do not get to see two binders of materials, and even if "someone were to take a video camera and just videotape my class and study it over and over and over again, I really doubt they would be successful at presenting the class. . ."). Plaintiff's claims thus are not preempted. See Balboa Insurance Co. v. Trans Global Equities, 218 Cal. App. 3d 1327, 1350 (1990).

Accordingly, IT IS HEREBY ORDERED that the above-entitled action is remanded to the Superior Court of California, County of Butte.

DATED: April 7, 2008.

U.S. MAGISTRATE JUDGE

abs
laughlin.rem